UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

IN RE: Brian K. Chandler            )            Chapter 13
     xxx-xx-5011                       )
     Debtor(s) (hereafter "Debtor").    )            Case No:  06-41389


**SECOND AMENDED CHAPTER 13 PLAN**

_____Unless checked here, this Plan is the standard Plan.  Any deviation or change in the standard plan language must be included and detailed in number 16 of the plan below.

     You should read this Plan carefully and discuss it with your attorney.  Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate payable on your claim.

NOTICE FIXING TIME TO OBJECT:  Any objection to the Plan must be filed with the Court, and served on the Debtor, Debtor's counsel (if any), and the Chapter 13 Trustee.   In the case of an original plan, the objection must be filed and served within 20 days after the conclusion of the meeting of creditors pursuant to Section 341 of the Bankruptcy Code.  In the case of an amended plan, the objection must be filed and served within 20 days after the date of filing of the amended plan or motion to amend.  Absent objections, the Court may confirm/approve this Plan without further hearing.  The Local Rules and the Court's Instructions For Use of Standard Plan should be consulted for every plan as they contain instructions and definitions that are crucial to understanding this plan.  The Local Rules and the Court's Instructions for Use of the Standard Plan can be found at the court's website at http://www.ilsb.uscourts.gov/.

<u>IMPORTANT NOTICE TO SECURED CREDITORS</u>:
     a. YOU MUST SHOW PROOF OF LIEN PERFECTION AT THE TIME YOUR CLAIM IS FILED AND YOU MUST MAIL SUCH PROOF TO ALL INTERESTED PARTIES PURSUANT TO SECTION II(A)(3)(b) OF THE COURT'S ADMINISTRATIVE PROCEDURES GOVERNING ELECTRONIC FILING (ATTACHED AS EXHIBIT 1 TO STANDING ORDER 02-1).
     b. DISTRIBUTION TO SECURED CREDITORS WHO OBTAIN RELIEF FROM THE AUTOMATIC STAY WILL TERMINATE ON ENTRY OF SUCH ORDER LIFTING THE STAY, NOTWITHSTANDING ANY OTHER TERM OF THIS PLAN TO THE CONTRARY, EXCEPT TO THE EXTENT AN UNSECURED DEFICIENCY CLAIM IS FILED, WHICH WILL BE PAID AS A GENERAL UNSECURED CLAIM.
     c. HOLDERS OF SECURED CLAIMS WILL RETAIN THE LIEN SECURING SUCH CLAIMS TO THE EXTENT PROVIDED IN 11 U.S.C. § 1325(a)(5)(B).
     d. SECURED CREDITORS WILL RECEIVE ADEQUATE PROTECTION PAYMENTS AND SPECIFIED MONTHLY PAYMENTS (HEREINAFTER SMP) THROUGHOUT THE PLAN AS SET FORTH BELOW.

1. Submission of Income:  Debtor submits to the supervision and control of the chapter 13 Trustee (hereafter "Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. Plan Duration and Payments:

     a.    Plan Duration:  60 months, unless all allowed claims, other than long-term claims, are paid in full in a shorter period.

      b.      Payments:

          (1)      Regular Monthly Payments: Debtor will pay $1,028.00 per month to the Trustee by __XX__ payroll deduction through March 2007, thereafter the Debtor will pay $1,037.00 for the remaining duration of the Plan.

          (2)      Monthly Step Plan Payments: NONE Debtor will pay $_____ per month for ___ months, then $_____ per month for the remaining duration of the plan to the Trustee by ____ payroll deduction or by ____ direct payments.

          (3)      Total Paid In (TPI) Step Plan Payments: NONE Debtor will pay $_____ to the Trustee through _____, 20__, then Debtor will pay $_____ per month to the Trustee for the remaining duration of the plan by ____ payroll deduction or by ____ direct payments.

          (4)      If plan payments are to be paid by payroll deduction, the bankruptcy clerk shall send a wage deduction order to the following employer: Glister Mary Lee, PO Box 227, Chester, IL 62233

          (5)      Other Payments to Trustee: Debtor will pay other payments to the trustee (for example, proceeds of sale, recovery on lawsuit, tax refund) as follows:


3. Pre-confirmation Distributions: Debtor shall not make any pre-confirmation adequate protection payments directly to creditors. Pursuant to the Court's Standing Order for Chapter 13 Case Administration entered 10/12/2005 and beginning with the first distribution after the completion of the Debtor's meeting of creditors, the Trustee shall make pre-confirmation disbursements pursuant to the provisions of this Plan.

4. Claims Generally: Claims will be paid as the Plan provides. Claims must be filed in order to receive payment. If a debt to a creditor is specifically listed herein, then the <u>AMOUNTS , CLASSIFICATIONS, INTEREST RATES AND MONTHLY PAYMENTS LISTED HEREIN ARE BINDING ON SUCH CREDITOR, AND ARE CONSIDERED AN ADJUDICATION OF SAME UPON ENTRY OF THE ORDER CONFIRMING / APPROVING THE PLAN. IF ANY CREDITOR DISAGREES WITH ITS PROPOSED TREATMENT OR THE ITEMS TO BE ADJUDICATED ABOVE, A TIMELY OBJECTION MUST BE FILED.</u> This adjudication is binding upon the creditor for the duration of this bankruptcy and after the bankruptcy is completed provided the Debtor completes this plan and the Court enters an order discharging debt. If the Debtor fails to receive a discharge or the Debtor's case is dismissed, then the adjudication and determination of the creditor's rights herein by confirmation shall no longer have any effect and will be null and void.

5. Administrative Attorney's Fees:
    a.    Court approved flat fee and optional fee application for adversaries.
        (1)    Debtor's attorney's fees shall be paid the Court approved flat fee of __XX__ $3,500.00 (non-business bankruptcy) or _____ $4,000.00 (business bankruptcy). The amount of $600.00 was paid prior to the filing of the case. The balance of the attorney's fees, $3,000.00 will be paid as a SMP of $150.00 for the first 2 months, then shall be paid $79.41 per month until the attorney's fees are paid, and
        (2)    Upon notice and hearing, the Court may award additional attorney's fees for the defense or prosecution of adversary proceedings upon approval of a fee application pursuant to the standards set forth by this Court in the case of *In re Wiedau's, Inc.,*78 B.R. 904 (Bankr.S.D.Ill.1987). Upon entry of such an award, the plan shall be amended to pay such fees in equal monthly installments over the next 12 month period or the remaining time left in the bankruptcy, whichever is less.
    b.    Court approved fee applications. Attorneys may alternatively elect to be paid attorney's fees by submitting fee applications pursuant to the standards set forth by this Court in the case of *In re Wiedau's, Inc.,*78 B.R. 904 (Bankr.S.D.Ill.1987). Upon entry of such an award the plan shall be amended to pay such fees in equal monthly installments as directed by the Court.

6. Administrative Claims: the Trustee will pay in full allowed administrative claims with available funds as follows:
    a. Balance of any unpaid filing fee.
    b. Notice Fees: $.50 per page per name on matrix
    c. Trustee's Fees: Trustee shall receive a monthly fee for each disbursement, the percentage of which is fixed by the United States Trustee.
    d. Other Administrative Claims: Other Administrative Claims which arise during the applicable commitment period shall not be paid until and unless Debtor first amends the Plan to address and fund such claims.

7. Unsecured Claims: The total minimum amount to be paid to priority and non-priority unsecured creditors pursuant to 11 U.S.C. §§ 1325(a)(4) and 1325(b) is $0.00. Unsecured creditors shall be paid whichever amount is higher under these two provisions. Payments to priority unsecured creditors will be paid before payment to non-priority unsecured creditors. Any remaining funds will be distributed pro-rata to non-priority unsecured creditors.

8. Post-petition Claims: Post-petition claims shall not be paid until and unless Debtor first amends the Plan to address and fund such claims.

9. Revestment: Except as otherwise provided in the plan or the order confirming the plan, property of the estate shall revest in the Debtor upon confirmation. Debtor shall have the right to possess and use all income not needed to fund this Plan.

UNLESS MARKED WITH AN "X" THE TOPICS IN THE SECTIONS BELOW ARE NOT APPLICABLE. IF THE SECTION IS ADDRESSED PLEASE READ THE LANGUAGE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS.

10.(___)    Real Estate Taxes.

11.( X )    Residential and Non-Residential Mortgages on Real Estate and Mobile Homes

12.(___)    Executory Contracts and Unexpired Leases

13.( X )    Secured Claims

14.(___)    Priority Claims

15.(___)    Separately Classified Claims

16.(___)    Other provisions.


Dated /s/ 4-5-07                /s/ Brian K. Chandler
                                            Debtor

                                          _____
                                                       Debtor
REAL ESTATE TAX ADDENDUM

Past due real estate taxes are owed on debtor's property as follows:

| Tax Year | Parcel Number | Tax Deed Case No. | Entity to whom The Taxes are owed | Amount* | Date of Payment** |
|---|---|---|---|---|---|

\* Amount includes projected post-petition penalty, interest and fees to date of payment.
\*\*Prior to or on the date of redemption for this tax year pursuant to Illinois law.

Payment of these amounts shall constitute a payment of that tax year.  Entities to which taxes are owed must accept payment for that tax year and cannot take any other actions to collect on this debt.  If the tax is not paid by the Date of Payment, entities can petition the Court to seek additional remedies.

Past due real estates taxes shall be paid as follows (Include the complete header language above, and only the applicable addenda below which apply):

    a.    PAYMENTS TO THE COUNTY BY THE TRUSTEE

The following such taxes shall be paid by the Trustee to the County Clerk of _____, County Illinois.  Trustee to set aside $_____ from each monthly payment, from the date of filing through the month prior to the date of payment, to pay these taxes.

| Tax Year | Parcel Number | Date of Payment |
|---|---|---|

    b.    PAYMENTS TO THE TAX PURCHASER BY THE TRUSTEE

The following such taxes shall be paid by the Trustee to the tax purchaser. Trustee to set aside $_____ from each monthly payment, from the date of filing through the month prior to the date of payment, to pay these taxes.

| Tax Year | Parcel Number | Date of Payment |
|---|---|---|

    c.    PAYMENTS OUTSIDE PLAN BY DEBTOR OR THIRD PARTY

The following such taxes shall be paid outside the plan by _____:

| Tax Year | Parcel Number | Date of Payment |
|---|---|---|


RESIDENTIAL AND NON-RESIDENTIAL MORTGAGES ON REAL ESTATE AND MOBILE HOMES

MONTHLY PAYMENT AND ARREARAGE SECTION

(a)    Monthly payments on mortgage(s) secured by Debtor's real estate/mobile home shall be paid regardless of an arrearage claim:

    __XX__ By the Trustee.  ____ By the Debtor.

| Mortgage Holder | Monthly Payment | First Payment Due At Filing | Collateral |
|---|---|---|---|
| Countrywide | $530.00 | January 1, 2007 | |
| And thereafter | $602.78 | February 2, 2007 | |
| Amerifirst | $141.00 | January 1, 2007 | |

4

The Mortgage Holder means the holder and/or servicer of a lien on real estate/mobile homes.  If a servicer is listed as the mortgage holder, the Mortgage Holder shall be bound by this plan as if it was specifically listed.

      (b)      Arrearage:  NONE, The Trustee will pay 100% of arrearages (inclusive of interest at the rate of 0 %) in equal monthly installments of $25.00 for the first 57 months, then $0.00 per month thereafter (this arrearage payment is calculated such that the arrearage will be paid no later than 90 days prior to the last scheduled distribution by the Trustee). The Trustee shall pay this arrearage notwithstanding the Debtor's selection in (a) above. Costs of collection, including attorney's fees incurred by the Mortgage Holder as a result of the filing of this bankruptcy case and before final payment of the arrearage amount specified below shall be added to the arrearage amount.

      The amount of arrearage is:
      First mortgage    $<u>2,817.82</u>
      Second mortgage $<u>425.00</u>

      (c)      IN THE EVENT THE MORTGAGE IS TO BE PAID INSIDE THE BANKRUPTCY BY THE TRUSTEE, THE FOLLOWING TERMS APPLY:

      (1) <u>Requirement of Mortgage Holders to timely determine and file a notice with any changes to the mortgage payment during the bankruptcy.</u>

If the amount of the monthly mortgage payment is adjusted, or should have been adjusted pursuant to applicable non-bankruptcy law, the contract, or standard industry practices, from the amount listed above during the course of this bankruptcy, the Mortgage Holder shall, not less than 30 days prior to the effective date of the change, file with the Court a Notice of Payment Change with an attachment indicating the amount of the change and the reason therefore, and shall serve the Debtor, the Trustee and the Debtor's attorney with said notice.  Debtor may, within 30 days of the filing of the notice, file an objection to the notice.  If no objection is filed, Debtor shall file with the Court a Motion to Increase (or Decrease, if applicable) Plan Payments, indicating the increase or decrease in mortgage payment (and plan payment accordingly).

      (2) <u>Failure to timely file notice of payment change regarding changes to the mortgage payment during the bankruptcy.</u>

If the Mortgage Holder fails to timely file a notice and notify the parties listed above, then upon completion of this chapter 13, and upon entry of the order of discharge, the Mortgage Holder is required to treat the mortgage as reinstated according to its original terms and may not recover any amounts then owing due to the non-payment of any additional amount of mortgage payments.  The Mortgage Holder is further prohibited from adding this amount to the principal of the loan or including it as any type of a charge or fee.

      (3) <u>Notice to Mortgage Holders of payment of arrearage, reinstatement of mortgage, requirement of Mortgage Holder to file statement of outstanding obligations, consequences of failure to file statement, and Debtor's right to rebut and determine outstanding obligations.</u>

Within 30 days of issuing the final payment of any cure amount specified in Section (b) above, the Chapter 13 Trustee shall serve upon the Mortgage Holder, the Debtor, and Debtor's attorney a notice stating: (1) that the cure amount has been paid, satisfying all pre-petition

5

mortgage obligations of the Debtor; (2) that the Mortgage Holder is required to treat the mortgage as reinstated and fully current unless the Debtor has failed to make timely payments of post-petition obligations; (3) that if the Debtor has failed to make timely payments of any post-petition obligations, the Mortgage Holder shall, within 30 days of service of the Trustee's notice (or such longer time as the Court may order) (a) itemize all outstanding payment obligations as of the date of the notice (including pending increases to the mortgage amount due to necessary obligations by the debtor, i.e., due to an increase in the monthly escrow), and (b) file a statement of these obligations with the Court, giving notice to the Chapter 13 Trustee, the Debtor, and Debtor's attorney; (4) that if the Mortgage Holder fails to file and serve a statement of outstanding obligations within the required time, the Mortgage Holder is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice; and (5) that if the Mortgage Holder does serve a statement of outstanding obligations within the required time, the Debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the Court, on notice to the Mortgage Holder and the Chapter 13 Trustee, or (ii) propose a modified plan to provide for payment of additional amounts that the Debtor acknowledges or the Court determines to be due.  THE MORTGAGE HOLDER IS BOUND BY THE REQUIREMENTS AND CONSEQUENCES OF THIS NOTICE. To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the Court to be invalid or are not paid by the Debtor through a modified plan, the right of the Mortgage Holder to collect these amounts will be unaffected. No liability shall result from any non-willful failure of the trustee to serve the notice required by this subparagraph.

(d)     IN THE EVENT THE MORTGAGE IS PAID OUTSIDE BY THE DEBTOR:
(1)     The Mortgage Holder is directed to continue to send any regular statements, payment books, or other communications (that were made in the regular course of business before the filing of the bankruptcy) directly to the Debtor concerning regular monthly payments or changes/adjustments thereto.  Debtor shall not pursue any violation of the automatic stay if Debtor receives these communications.
(2)     If the Debtor pays the cure amount through the plan as listed in Section (b) above, while timely making all required post-petition payments outside the bankruptcy plan, then upon completion of this plan, the mortgage will be reinstated according to its original terms, extinguishing any right of the Mortgage Holder to recover any amount alleged to have arisen prior to the filing of the petition.

EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(a)   Debtor assumes the following executory contracts and unexpired leases.  All regular monthly payments due after the filing date shall be paid by ___ Debtor/ ___Trustee. Debtor proposes to cure any pre-petition default on any assumed contract or lease by making an additional monthly payment to the Trustee, who shall pay such arrearages in equal monthly installments of $____ for the first _____ months, then $____ per month thereafter as follows:

| CREDITOR | Collateral | Regular payment By Debtor/Trustee | Arrearage payment By Trustee |
|---|---|---|---|

Date of First Payment

**6**

At Filing

    (b)   Debtor rejects the following leases and executory contracts and shall surrender any property thereunder.  Upon confirmation, the automatic stay and co-debtor stay are deemed terminated, provided, however, that no distributions shall be made on any deficiency claim thereon until such time as an amended claim for a deficiency is filed and allowed.  Any allowed claim for a deficiency shall be treated as a general unsecured claim.

<u>CREDITOR</u>        <u>Description</u>

## SECURED CLAIMS

    Payments to creditors will be made only if a claim is filed and allowed.  Upon confirmation, the amounts, classifications, and interest rates of all claims and the description of collateral set forth in the plan will control over any contrary language in the claims.

    (a)  <u>Property to be retained:</u>  Debtor(s) shall retain the property set forth below:

    (1)   The Trustee will pay adequate protection payments, pursuant to 11 U.S.C. §1325(a)(5)(B)(iii)(II) for the first 4 months of the bankruptcy plan in the amounts set forth below.

| Creditor | Collateral | Payment |
|---|---|---|
| Ford Motor | 2001 Dodge Dakota | $198.41 |

    (2)   The following allowed secured claims shall be paid as specified below. The SMP, inclusive of interest, shall begin with the 5th month of the plan.  Any amount due to the creditor above the allowed secured claim shall be paid as a general unsecured claim.

| Creditor | Allowed secured claim | Total claim | Interest rate | Specified Collateral | Pmt/mo |
|---|---|---|---|---|---|
| Ford | $9,756.58 | $9,756.58 | 9% apr | 01 Dodge Dakota | $198.40 |

    (b)  <u>Property to be surrendered:</u>  NONE Debtor(s) will surrender the collateral securing the claims of the following creditors:

    (1)  _____ in full satisfaction of the claims;

| Creditor | Estimated Amount Claimed | Property Description |
|---|---|---|

    (2)  _____ in satisfaction of the secured portion of such creditors' allowed claims.  To the extent that the collateral does not satisfy such creditors' claims, the creditors shall hold non-priority, unsecured claims.

|  | Estimated | Alleged Value of | Method of |
|---|---|---|---|

7

<u>Creditor</u>        <u>Amount Claimed</u>        <u>Collateral</u>       <u>Valuation</u>

PRIORITY CLAIMS

(a) <u>Domestic Support Obligations</u>: NONE

    (1) Monthly Post-Petition Domestic Support Obligations shall be paid by the _____Trustee / _____Debtor to the creditor as follows:

| <u>Creditor</u> | <u>Monthly payment</u> | <u>Date of First Payment</u> |
|---|---|---|
| | | At Filing |

    (2) Unassigned Pre-Petition Domestic Support Obligation Arrearage Claims. Priority claims defined in 11 U.S.C. § 507(a)(1)(A) will be paid in full in this bankruptcy pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid after the payment of administrative fees pro rata as follows:

<u>Creditor</u>                <u>Amount of Arrearage</u>

    (3) Assigned Pre-Petition Domestic Support Obligation Arrearage Claims. Priority claims defined in 11 U.S.C. § 507(a)(1)(B) will be paid as follows:

    (A)_____As a general unsecured claim because the plan provides for all of Debtor's projected disposable income for a 5-year period to be paid into the plan pursuant to 11 U.S.C. §1322(a)(4).

<u>Creditor</u>                <u>Amount of Arrearage</u>

    (B)_____ In full in this bankruptcy proceeding pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid after the payment of administrative fees pro rata as follows:

<u>Creditor</u>                <u>Amount of Arrearage</u>

    (4) Other Domestic Support Obligations will be paid after the payment of administrative fees pro rata as follows:

<u>Creditor</u>                <u>Amount of Arrearage</u>

(b) <u>Other priority claims:</u>   The Trustee will pay in full the following claims entitled to priority under 11 U.S.C. § 507, pro rata after payment of administrative fees as follows:

| <u>Creditor</u> | <u>Amount of claim</u> |
|---|---|
| Internal Revenue | $1,123.15 |
| Mo. Dept of Revenue | $136.07 |